## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| MARLON PRUITT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 2:20-cv-02908-TLP-tmp |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Movant Marlon Pruitt moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion").[1] (ECF No. 1.) Movant amended the § 2255 Motion. (ECF No. 7.) And the United States responded. (ECF No. 9.) Movant did not reply, and the time for that reply has expired. For the reasons below, the Court **DENIES** the § 2255 Motion.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

A.      **Movant's Criminal Case**

In March 2018, a federal grand jury in the Western District of Tennessee returned an indictment charging Movant with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count One"), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count Two"). *See United States v. Marlon Pruitt*, No. 2:18-cr-20081-

---

[1] Movant is an inmate at the Federal Correctional Institution in Texarkana, Texas. His Bureau of Prisons register number is 16018-076.

TLP-1 (W.D. Tenn. Mar. 29, 2018), ECF No. 1.  In July 2018, Movant pleaded guilty to Count Two under a written plea agreement.  *See Pruitt*, No. 2:18-cr-20081-TLP-1 (W.D. Tenn. July 12, 2018), ECF Nos. 20 & 21.

Under the plea agreement, the Government agreed to dismiss Count One.  *See Pruitt*, No. 2:18-cr-20081-TLP-1 (W.D. Tenn. July 12, 2018), ECF No. 21 at PageID 36–37.   The Government also agreed to recommend that Movant receive full credit for acceptance of responsibility and that he receive a sentence on the low end of the advisory guidelines range.  *See id.*  And Movant waived his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255, except for claims about prosecutorial misconduct and ineffective assistance of counsel.  *See id.*

In April 2019, the Court sentenced Pruitt to a total term of 120 months incarceration followed by three years of supervised release.  *See Pruitt*, No. 2:18-cr-20081-TLP-1 (W.D. Tenn. Apr. 17, 2019), ECF No. 56.  Movant did not appeal.[2]

**B.     The § 2255 Motion**

In June 2020, Movant filed a pro se motion with the Sixth Circuit seeking authorization to file a second or successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  (ECF No. 1.)  Because Movant had not earlier sought relief under § 2255, the Sixth Circuit denied his motion as unnecessary and transferred the case to this Court.  (ECF No. 1-1 at PageID 13–14.)  This Court then ordered Movant to amend his motion.  (ECF No. 6.)  And Movant amended the § 2255 Motion in February 2021.  (ECF No. 7.)

---

[2] Movant later moved for compassionate release, and the Court denied his motion in November 2021.  *See Pruitt*, No. 2:18-cr-20081-TLP-1 (W.D. Tenn. Nov. 1, 2021), ECF No. 71.

The § 2255 Motion asserts two grounds for relief.  First, Movant claims he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (ECF Nos. 7 at PageID 25; 7-1 at PageID 35.)  Movant argues that he did not knowingly possess a firearm or ammunition and that the Government did not prove that he knew he possessed a firearm or ammunition.  (ECF No. 7-1 at PageID 35.)  Movant asserts that he is innocent because he did not know the firearm or ammunition existed and lacked access to it.  (*Id.* at PageID 36.)

Second, Movant claims ineffective assistance of counsel for failure to investigate all leads, introduce evidence or call witnesses, and explain the context of the plea.  (ECF Nos. 7 at PageID 26; 7-1 at PageID 36.)  Movant asserts that his attorney was ineffective in failing to fully investigate all leads and explain the context of the plea, arguing that the term "knowingly" was not properly explained or addressed in the plea colloquy.  (ECF No. 7-1 at PageID 36.)

Movant requests the dismissal of his § 922(g) conviction.  (ECF No. 7-1 at PageID 36.)  The Government responds that both claims are untimely.  (ECF No. 9 at PageID 45–47.)

## II.    THE LEGAL STANDARD

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted); *see also*

*Harper v. United States*, 780 F. App'x 236, 237 n.1 (6th Cir. 2019) (same).  Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  The Court now turns to the timeliness argument.

## III.   ANALYSIS

### A.   Timeliness

A motion under 28 U.S.C. § 2255 is subject to a one-year statute of limitations.  *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *see also* 8 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").  And "the limitations period begin[s] to run 'from the latest of' four possible dates."  *Benitez*, 521 F.3d at 629.  Only two of these dates might be relevant here.  In most cases, the § 2255 limitations period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  But for certain claims, the limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The Court will begin with when Movant's judgment of conviction became final.  Where, as here, a prisoner does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect."  *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted); *see also Benitez*, 521 F.3d at 629–30, 636 (applying *Sanchez-Castellano* and holding

4

that § 2255 motion filed two days late was untimely unless movant was entitled to equitable tolling).

This Court entered judgment here on April 17, 2019. *See Pruitt*, No. 2:18-cr-20081-TLP-1 (W.D. Tenn. Apr. 17, 2019), ECF No. 56. The deadline to file a notice of appeal expired fourteen days later, at which time the § 2255 limitations period began to run. And so the limitations period expired one year later—May 1, 2020. But Movant did not seek relief under § 2255 until June 26, 2020, over a month after the judgment became final. As a result, Movant's claim for ineffective assistance of counsel is untimely under 28 U.S.C. § 2255(f)(1).[3]

This leaves Movant's claim based on *Rehaif*. In that case, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. But *Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019))).

What is more, as Respondent points out, Movant does not raise a true *Rehaif* claim here. He does not argue that the Government failed to prove that he knew about his status as a felon when he possessed the firearm. (ECF No. 7-1 at PageID 35–36.) Instead, he argues that the Government failed to prove that he knowingly possessed a firearm or ammunition. (*Id.*)[4]

---

[3] Movant does not cite *Rehaif* or any other recently decided Supreme Court case as recognizing a new right corresponding to his claim for ineffective assistance of counsel.

[4] This is an interesting position given the factual basis for his guilty plea. When officers executed a search warrant where Pruitt was living, he showed them his bedroom and told them

Because Movant takes issue solely with the possession element of the offense, his argument does not invoke the holding in *Rehaif*. And the Court therefore finds that § 2255(f)(1) applies here, not § 2255(f)(3). That difference is significant because the holding in *Rehaif* does not affect the outcome here. In other words, the statute of limitations for this claim started running when Movant's judgment of conviction became final not when the Supreme Court issued *Rehaif*. And as explained above, Movant did not seek relief under § 2255 within a year from that date. The Court finds therefore that this claim is time-barred as well.

**B.     Pruitt is Not Entitled to Equitable Tolling**

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). And equitable tolling is available "where a motion to vacate is filed after the one-year limitations period contained in 28 U.S.C. § 2255." *Benitez*, 521 F.3d at 630. But "the doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. What is more, "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.*

A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Movant has not requested equitable tolling and makes no effort to show he is entitled to it. Movant sets forth no facts proving that he has pursued his

---

he was storing marijuana there. Besides finding marijuana in his bedroom, officers found a 20-gauge shotgun and shells for that weapon.

rights diligently or that he is otherwise entitled to equitable tolling.  As a result, the Court finds that equitable tolling cannot salvage Movant's claims.

Based on the above, the Court **DENIES** the § 2255 Motion.  The Court will enter judgment for the United States.

## IV.   APPELLATE ISSUES

Under 28 U.S.C. § 2253(c)(1), the district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.  The COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3).

A "substantial showing" is made when the movant proves that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA routinely.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons explained above, Movant's claim lacks substantive merit and so he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952.

Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith, and also **DENIES** leave to appeal in forma pauperis.[5]

**SO ORDERED**, this 28th day of July, 2022.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within thirty days (*see* Fed. R. App. P. 24(a) (4)-(5)).